## COOK *vs.* BOSTWICK.

Where an affidavit was made *substantially* true, but *literally* not so, and the deponent was charged with having sworn false in the making of the affidavit, who brought an action of slander, and the judge, instead of submitting to the jury to determine how the words were understood by the bystanders to have been spoken, whether in relation to the substantial or literal *truth* of the affidavit, charged them that if they should find that the defendant intended to impute to the plaintiff the crime of perjury or false swearing, and a verdict was found for the plaintiff, *it was held*, that the jury having found that the words were spoken with a malicious intent, and with the view to defame, the words were actionable ; and the court refused to set aside the verdict.

THIS was an action of *slander*, tried at the Stuben circuit in November, 1831, before the Hon. ROBERT MONELL, one of the circuit judges.

On the 12th August, 1831, *Cook* went to *Almond village*, in the county of *Allegany*, to attend to a suit, in which he was defendant, depending before *H. Cutler, Esq.* a justice of the peace of Allegany county, and stopped at an inn kept by one Crandall within a few rods of the office of the justice, and went to the horse shed of the inn to fasten his horse. The line separating the counties of Allegany and Stuben passes between the inn and shed, within a few feet of the shed, which is in the county of *Stuben ;* and whilst Cook was under the shed, he was arrested by virtue of a warrant issued by *A. Livermore, Esq.* a justice of the peace of *Steuben*, at the suit of 'one Neally, which suit was prosecuted by *Bostwick*, the defendant in this cause, for his benefit. Cook was taken before Justice Livermore, where a declaration was exhibited against him in an action of assumpsit, to which he pleaded in abatement, that *at the time of his arrest he was actually attending a cause, wherein he was a party, at the suit of one G. E. W., before H. Cutler, Esq. and therefore prayed a discharge from the suit,* and annexed an affidavit that the plea was substantially true. On the next day Bostwick, in speaking of Cook and of the affidavit made by him verifying the plea, said in the hearing of several persons that the affidavit was not true, that

Cook was not attending any suit, but was in the county of Steuben, and that he swore false, that he had perjured himself, and that he would have him indicted. Several witnesses were sworn, who testified that the facts in reference to which the charge of false swearing was made were understood by all present. The defendant moved for a nonsuit, on the ground that what was said by him charged the plaintiff with swearing false in a matter *not material*, viz. that he had sworn that he was actually attending before Justice Cutler, in the county of *Allegany*, when in fact he was under a horse-shed in the county of *Steuben;* and that he had not charged him with swearing false in alleging that he was in attendance as a suitor before Justice Cutler; and that so the words were understood by the by-standers. The judge refused to nonsuit the plaintiff; and the defendant, after calling some witnesses present at the speaking, to prove their understanding of the words, requested the judge to charge the jury—if they should find that the defendant intended only to impute to the plaintiff false swearing in respect to his being under the shed, and not in the presence of the justice, that the defendant did not mean to deny that the plaintiff had come to Almond village to attend to his suit before the justice, and that the words were so explained and understood at the time of the speaking thereof—that then the words were not actionable. The judge, however, did not so charge the jury, but instructed them, that if they should find that the defendant intended to impute to the plaintiff the crime of perjury or false swearing, the plaintiff was entitled to their verdict. The jury found for the plaintiff, with $100 damages. The defendant moved to set aside the verdict.

*S. Stevens,* for the defendant. The defendant did not controvert any material fact sworn to by the plaintiff, but simply denied the inference or conclusion of law drawn by the plaintiff, viz. that he was actually attending a cause as a party before a justice in one county, when, at the time, he was in fact in another county. The charge was understood to relate to a subject which would not sustain the imputation of a

crime, and the judge ought to have instructed the jury that if it was so understood, the defendant was entitled to a verdict. He cited, in support of these positions, 1 Johns. Cas. 279; 12 Johns. R. 239; 13 id. 78; 20 id. 344; 1 Wendell, 475; 4 id. 531; 7 id. 439; 9 Cowen, 530; Cro. Eliz. 416; Cro. Jac. 436.

*J. A. Spencer*, contra.

*By the Court*, SAVAGE, Ch. J. The judge was right in submitting to the jury to determine in what sense the words were spoken. If spoken with a malicious intent, and with the view to defame, they were actionable. The jury have found that they were so spoken, and the verdict is sustained by the evidence. That the defendant intended to impute perjury to the plaintiff, is evinced by his declaration that he would have him indicted for perjury. The defendant ought not to be excused on the ground that perjury could not have been committed. If, in truth, the plaintiff had not attended at Almond village as a party to a suit, he had sworn false; if he did attend, he had sworn the truth. That could not be determined by the fact of his being arrested over the county line, though near the justice's office. The allegation made by the defendant was, that he was not attending a suit, and it was admitted on the trial that he was so in attendance. That was the only point of the affidavit, and that was denied by the defendant when the charge of perjury was made. Had the defendant not been so attending, he was guilty of perjury.

New trial denied.